<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4954**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KIM SUNSIK KELLY, a/k/a extremeksk,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00024-LHT-1)

Submitted: March 26, 2009          Decided: April 10, 2009

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ross H. Richardson, Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Donald David Gast, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kim Sunsik Kelly timely appeals from the 210-month sentence imposed following his guilty plea to one count of attempting to entice and coerce an individual he believed to be a minor, in violation of 18 U.S.C. § 2422(b) (2006). Kelly's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court's sentence was procedurally unreasonable and whether the district court erred in failing to explain its denial of Kelly's motion for variance. Kelly has not filed a pro se brief, though he was informed of his right to do so. Finding no error, we affirm.

Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008). It must then consider that range in light of the parties' arguments and the factors set out in 18 U.S.C. § 3553(a) (2006), before imposing its sentence. Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

We review the district court's sentence for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). First, we must ensure the district court did not commit any

"significant procedural error," such as failing to consider the 18 U.S.C. § 3553(a) factors or failing to adequately explain the sentence. Id. at 597. Second, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, it is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

The district court is not required to "robotically tick through § 3553(a)'s every subsection." Id. at 345. Additionally, "when a judge decides simply to apply the Guidelines . . . doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2468 (2007). The district court must, however, provide enough explanation for this court to effectively review the sentence, including an indication that the district court considered the 18 U.S.C. § 3553(a) factors with regard to the defendant and that it considered any potentially meritorious arguments by the parties with regard to sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Furthermore, this court will not "evaluate a court's sentencing statements in a vacuum," but will consider the context surrounding the explanation. Id. at 381. When the record clearly shows the district court considered the evidence and

3

arguments proffered by both parties, an extensive opinion is not required.  Rita, 551 U.S. at __, 127 S. Ct. at 2469.

Our review of the record reveals no procedural error in the district court's imposition of sentence upon Kelly.  The court properly calculated the advisory Guidelines range, considered the arguments of both parties regarding sentencing, and explicitly stated that it considered the 18 U.S.C. § 3553(a) factors when rendering its decision to sentence Kelly at the bottom of the applicable Guidelines range.  Further, the district court did not err in failing to explain its reasoning for denying the motion for variance, as it is clear from the context surrounding the denial that the district court considered the parties' arguments prior to making its ruling.  Moreover, Kelly's within-Guidelines sentence is presumptively reasonable, and Kelly has not rebutted this presumption.  Thus, we conclude that the district court did not abuse its discretion and the sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Kelly's conviction and 210-month sentence. This court requires that counsel inform Kelly, in writing, of his right to petition the Supreme Court of the United States for further review.  If Kelly requests that a petition be filed, but counsel believes that such a petition would be frivolous,

4

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kelly. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED